CITY OF HATTIESBURG *et al. v.* FOGEL.

(Division B. January 18, 1932.)

[138 So. 813. No. 29677.]

**R. W. Heidleberg** and **Currie, Stevens & Currie,** all of Hattiesburg, for appellants.

210

R. W. Heidleberg, of Hattiesburg, for appellants.

Hannah & Simrall, of Hattiesburg, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Mrs. Fogel, filed a bill in the chancery court of Forrest county against the city of Hattiesburg alleging that on October 21, 1913, she acquired title by

warranty deed to certain property in Hattiesburg, described as lot 38, and a strip of land five feet wide adjacent to the said lot on the east side of lot 39 in block 171 of the D. H. McInnis first survey of the city of Hattiesburg. She deraigned title through J. L. McGregor, S. B. Rich, and D. H. McInnis to the United States government. The bill also alleged that at the time she bought the house and lot in 1913 the house was situated where it now is, and that she bought on boundaries pointed out at the time, showing the house to be on the lot described in her deed. She set up that the city of Hattiesburg had never accepted or exercised ownership of Brunie street of the D. H. McInnis survey, and that part of her house was actually situated on territory shown on the map to be in Brunie street. She further alleged that the house which she occupied had been built many years before she bought it, and during all the time had been located where it is now. She alleged that by reason of the fact that no minutes had been made of the acceptance of the survey, and that no improvement had ever been made on the said street, the city of Hattiesburg was without right thereto, and prayed for the establishment of her title to the property upon which her house is situated, and that all claim of the city of Hattiesburg thereto, if any, be canceled.

Certain property owners of the city of Hattiesburg, whose property abuts on the alleged Brunie street, intervened in the suit as defendants, setting up that, as citizens and taxpayers of the city, they were interested in having said street maintained, and that they had, as property owners, special interest in the said street.

It appeared that the D. H. McInnis survey was made in December, 1895, and that on the map so filed was laid off a street known as Brunie street, which was thirty-eight feet wide and extended from Forrest street to Pine street; that across this street there runs a stream or creek, and, on account thereof, the street is not travers-

able without being improved or bridged. At the opposite end of Brunie street from the complainant's residence are two filling stations, one on either side of the street, with a wash rack in the alleged street. The street has never been worked by the city or laid open for travel.

On June 6, 1894, the city adopted an ordinance providing conditions upon which plats and maps of subdivisions should be made in the city. It was therein provided, "that any person desirous to subdivide a tract of land within the corporate limits of said town or to be included therein shall be required to submit a plat and map of such subdivision made by a civil engineer, surveyor or other competent person, and a correct abstract of titles of the land so platted to the mayor and board of aldermen of said town of Hattiesburg, to be approved by them before the same shall be filed for record in the records of deeds of the county of Perry, state of Mississippi," Hattiesburg at said time being in Perry county. The ordinance was made to take effect from its passage.

The testimony showed that the records of the city had been examined, and nowhere could be found any order accepting the said map or the said street, nor was there anything to show that any abstract of the title had ever been filed with the city. There was no ordinance accepting the street so dedicated in the minute books of the city, nor any minute thereof. Some time before the suit was filed, the city desired to put down some sewer pipe lines in this territory along the alleged Brunie street, and, there being doubt as to whether the city owned the street or had any right thereto, the question was taken up with the property owners who did not object to the proposed work being done and made no claim for damages; and the sewer pipes were laid in this alleged street and a map thereof was made. Subsequent to the making of the D. H. McInnis map, which had in fact been placed on record of maps in Forrest county or Perry

county as it then was, and on which the acknowledgment and filing date had been torn off, certain subdivisions of the D. H. McInnis survey were made, accepted, filed for record, and approved by ordinances of the city. These maps showed Brunie street, but Brunie street was not a part of said subdivisions, and these were made after the building involved in this suit had been erected, occupying part of the said alleged street.

It was further shown on behalf of the defendants that abstractors had used the D. H. McInnis map, and from memoranda made in abstracting it was shown that the map was filed in December, 1895.

The chancellor held that the city had no rights to the property upon which the complainant's house was situated, it having never accepted the said street, and granted the relief prayed for by the complainant.

Under the facts stated, we are of the opinion that Brunie street had never been accepted as such by the city of Hattiesburg. It had never been used or improved as a street, and no record or matter showing any acceptance of the dedication existed. It is clear that the city could not be held for any liabilities for failure to maintain the said street, and the street, in the condition it was when the map was made and up to the present time, could not be traveled and used without improvements by the city. We are therefore of the opinion that the chancellor was warranted in holding that the city had never accepted the street, and consequently the city had no rights therein.

The intervening parties as abutting property owners did have a right to ingress and egress through the said street, but this right, the city not having accepted the street as such, would be subject to the statute of limitations and would be barred within ten years from the erection of the building in the said street so far as that part of the street occupied by the complainant's residence was concerned. A property owner buying according

to streets and alleys on a map dedicating it to the public, where the dedication has not been accepted by the public authorities, only acquires the right of ingress and egress to his own property and to a public highway from his said property. This right is a personal and private property right different from that of the general public manifested by an acceptance and use on the part of the public authorities.

This case is unlike the cases of City of Meridian v. Poole, 88 Miss. 108, 40 So. 548; Indianola, Light, etc., Co. v. Montgomery, 85 Miss. 304, 37 So. 958, and Briel v. City of Natchez, 48 Miss. 423.

We are therefore of the opinion that the judgment of the court below should be affirmed.

Affirmed.